## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

REGINALD OAKLEY,   :
         :
 Plaintiff,    :
         :
 v.       :  CIVIL ACTION NO.
         :  1:16-CV-3683-RWS
AMAZON.COM, INC.,   :
CREATESPACE.COM,   :
KINDLE.COM, PENGUIN  :
RANDOM HOUSE, AUTHOR :
SOLUTIONS LLC, and JOHN :
DOE THIRD-PARTY SELLERS, :
         :
 Defendants.   :

## ORDER

On October 7, 2016, Magistrate Judge Alan J. Baverman granted

Plaintiff Reginald Oakley leave to proceed *in forma pauperis* in this case.  It is

now before the Court for a frivolity determination.  Also before the Court are

Defendant Amazon.com, Inc.'s Motion to Dismiss [5], Plaintiff's Motion to

Proceed and to Appoint Counsel [6], and Plaintiff's Motion to Proceed to Grant

Rights to Relatives [7].  After reviewing the record, the Court enters the

following Order.

AO 72A
(Rev.8/82)

**Background**

Plaintiff is an author and the owner of Oakley Publishing and Patents LLC.  (Compl., Dkt. [3] ¶ 4.)  He has self-published two books, *Murder After Super Bowl XXXIV* (U.S. Copyright No. TX 8-224-209), and *Memories of Murder: To Hell and Back* (U.S. Copyright No. TX 8-131-618).  (Id. ¶ 13.) Plaintiff's books are printed via print-on-demand ("POD"), which is a "printing technology and business process" where an author's books are printed only to satisfy specific orders.  (Id. ¶ 14.)  Both books provide Plaintiff's own account of a double murder that took place after Super Bowl XXXIV.  (Id. ¶ 15.) Defendant Amazon.com, Inc. ("Amazon") "is the world's largest online retailer" and owns Defendants Createspace.com ("Createspace") and Kindle.com ("Kindle").  (Id. ¶ 5.)  Defendant Penguin Random House ("Penguin") sells books through Amazon's online bookstore and owns Defendant Author Solutions LLC ("Author Solutions").  (Id. ¶ 6.)  Broadly, Plaintiff alleges that Defendants violated federal antitrust laws and infringed his copyrights while offering his books for sale online.

According to Plaintiff, in 2005, Amazon entered a new market by purchasing BookSurge and other POD publishing companies.  (Id. ¶ 25.)

2

Penguin also entered the POD market by purchasing Author Solutions.  (Id.)
No later than February of 2008, Amazon decided it would only sell POD books
directly to consumers if those books were printed using BookSurge.  (Id. ¶ 27.)
In 2009, Plaintiff self-published *Murder After Super Bowl XXXIV* through
Amazon's POD company Createspace.  (Id. ¶ 29.)  And in 2010, Plaintiff self-
published *Memories of Murder: To Hell and Back* using Penguin's POD
company Author Solutions.  (Id.)  Later in 2010, Plaintiff stopped the printing
and sale of both books as less than 50 copies of each were sold.  (Id.)

Plaintiff alleges that Amazon, Createspace, Penguin, and Author
Solutions deceived him and other POD authors "by falsely claiming to have
given Plaintiff 'Free' ISBN numbers for [his two copyrighted books, and]
permanently 'tying' the 'Free' ISBN numbers to Plaintiff's books."  (Id. ¶ 30.)
That, in turn, allowed those Defendants to later maintain ownership of the
"free" ISBN numbers to control Plaintiff's books in the online book markets.
(Id.)

Plaintiff further alleges that, in 2010, Plaintiff stopped the printing and
sale of books through Amazon, Kindle, and Createspace, and cancelled his
contract with Penguin and Author Solutions because his unedited books were

3

leaked online.  (Id. ¶ 32.)  Nonetheless, third-party sellers on Defendants'

websites claimed to have more used copies of Plaintiff's books than the amount

initially sold according to Amazon's royalty report.  (Id. ¶ 33.)

Sometime later, Penguin and Author Solutions allegedly emailed

Plaintiff a corrupt and altered copy of his own book, *Memories of Murder: To

Hell and Back*.  (Id. ¶ 34.)  Then, in 2011, Plaintiff claims that Defendants used

software to circumvent his web browser and to manipulate and collect

Plaintiff's personal information.  (Id. ¶ 35.)  Defendants then created a portal

on Amazon's webpage for Plaintiff's books by attaching excerpts of an

unrelated book.  (Id. ¶ 36.)  Plaintiff seems to allege that those excerpts

contained phrases that were threatening to Plaintiff personally.  (Id.)

In 2012, Plaintiff alleges that Defendants took control of his books on

Amazon's website by "tying" them together and aggressively marketing them

without his permission.  (Id. ¶ 37.)  Defendants also allegedly violated

Plaintiff's copyrights by enabling the "Look Inside" feature on his books

without his permission.  (Id. ¶ 38.)  In 2016, Plaintiff's books were unattached

from the allegedly threatening excerpts and removed from Amazon's website.

(Id. ¶ 45.)

4

Based on the allegations above, Plaintiff brings four causes of action: one count for illegal tying in violation of the Sherman Antitrust Act, 15 U.S.C. § 1 (Count I); two counts of copyright infringement in violation of 17 U.S.C. § 501, one for infringement of *Murder After Super Bowl XXXIV* (U.S. Copyright No. TX 8-224-209) (Count II) and another for infringement of *Memories of Murder: To Hell and Back* (U.S. Copyright No. TX 8-131-618) (Count III); and one count for unfair and deceptive trade practices under 15 U.S.C. § 45 (Count IV).

## Discussion

### I.    Amazon's Motion to Dismiss [5]

#### A.    Legal Standard

Federal Rule of Civil Procedure 8(a)(2) requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  While this pleading standard does not require "detailed factual allegations," mere labels and conclusions or "a formulaic recitation of the elements of a cause of action will not do."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  In order to withstand a motion to dismiss, "a complaint must contain sufficient

5

factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Id. (quoting Twombly, 550 U.S. at 570).  A complaint is plausible on its face when the plaintiff pleads factual content necessary for the court to draw the reasonable inference that the defendant is liable for the conduct alleged.  Id.

"At the motion to dismiss stage, all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff." Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1273 n.1 (11th Cir. 1999).  However, the same does not apply to legal conclusions set forth in the complaint.  See Iqbal, 556 U.S. at 678.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.  Furthermore, the court does not "accept as true a legal conclusion couched as a factual allegation." Twombly, 550 U.S. at 555.

Because Plaintiff is proceeding *pro se*, his "pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998).  "This leniency, however, does not require or allow courts to rewrite an otherwise deficient pleading in order to sustain an action." Thomas v. Pentagon Fed. Credit Union, 393 F. App'x 635, 637 (11th Cir. 2010).

6

B.    Analysis

Amazon moves to dismiss each of Plaintiff's claims, arguing that Plaintiff has failed to satisfy the pleading requirements, that the claims are barred by the relevant statutes of limitations, or that Plaintiff lacks standing or a private cause of action.  Plaintiff has filed no response to Amazon's motion, so the Court deems it unopposed.  See LR 7.1(B), NDGa ("Failure to file a response shall indicate that there is no opposition to the motion.").  Still, the Court will consider Amazon's arguments on the merits.

1.    *Sherman Act Claim (Count I)*

In his first claim, Plaintiff alleges that Defendants' practices of tying ISBN numbers to his books and tying printing services to sales in the online book market unreasonably restrain the trade of Plaintiff's books as well as his company.  (Compl., Dkt. [3] ¶¶ 47-49.)  Plaintiff appears to bring this claim under 15 U.S.C. § 1, which is part of the Sherman Antitrust Act, and says that "[e]very contract, combination in the form of trust or otherwise, or conspiracy, in restraint of trade or commerce among the several States, or with foreign nations, is declared to be illegal."  15 U.S.C. § 1.  While illegal tying arrangements are actionable under 15 U.S.C. § 1, see Aquatherm Indus., Inc. v.

7

<u>Fla. Power & Light Co.</u>, 145 F.3d 1258, 1263 (11th Cir. 1998), Amazon argues that Plaintiff has failed to state a plausible claim for such an arrangement.

"A tying arrangement is 'an agreement by a party to sell one product but only on the condition that the buyer also purchases a different (or tied) product, or at least agrees that he will not purchase that product from any other supplier.'" <u>Clark Mem'ls of Ala. Inc. v. SCI Ala. Funeral Servs. LLC</u>, 991 F. Supp. 2d 1151, 1159 (N.D. Ala. 2014) (citing <u>N. Pac. Ry. Co. v. U.S.</u>, 356 U.S. 1, 5-6 (1958)).  To state a claim for an illegal tying arrangement, a plaintiff must allege: "(1) an actual tying and tied product, (2) some evidence of coercion showing that the seller in fact forced the buyer to purchase the tied product, (3) some evidence that the seller has sufficient market power to carry out the coercion, (4) anticompetitive effects in the tied market, and (5) more than an insubstantial amount of interstate commerce in the tied product market." <u>AstroTel, Inc. v. Verizon Fla., LLC</u>, No. 8:11-cv-2224-T-33TBM, 2012 WL 1581596, at *5 (M.D. Fla. May 4, 2012) (citing <u>Amey, Inc. v. Gulf Abstract & Title, Inc.</u>, 758 F.2d 1486, 1502-03 (11th Cir. 1985)).

Even taking Plaintiff's allegations in the light most favorable to him, Plaintiff has failed to state a plausible claim for an illegal tying arrangement.

AO 72A
(Rev.8/82)

Plaintiff has not alleged that any Defendant "refus[ed] to sell two products separately." S. Card & Novelty, Inc. v. Lawson Mardon Label, Inc., 138 F.3d 869, 875 (11th Cir. 1998).  But even assuming that ISBN numbers are a "product" that can be "tied" to Plaintiff's books, or that Defendants' willingness to sell Plaintiff's books online can be "tied" to the use of Defendants' printing services, Plaintiff also has not adequately alleged coercion, an anticompetitive effect, or more than an insubstantial amount of interstate commerce in the market for the tied product.  For those reasons, Amazon's Motion to Dismiss [5] is **GRANTED** as to Count I.

### 2.    *Copyright Infringement (Counts II and III)*

Plaintiff next alleges that Defendants violated the copyrights for both of his books by "tying" or "bundling" his books together, enabling the "Look Inside" feature on his books, and leaking his books online.  (See Compl., Dkt. [3] ¶¶ 50-61.)  First, the Court notes that any allegations about "tying" or "bundling" appear to go to antitrust claims, not copyright infringement.  And as the Court articulated above, Plaintiff's Complaint fails to state a claim for an illegal tying arrangement.  As a result, the Court will not rehash Plaintiff's tying allegations here.

9

Next, as Amazon correctly points out, Plaintiff's copyright infringement claims are likely barred by the statute of limitations.  The limitations period for copyright infringement is three years "after the claim accrued."  17 U.S.C. § 507(b).  A copyright infringement claim accrues "when an infringing act occurs."  Petrella v. Metro-Goldwyn-Mayer, Inc., 134 S. Ct. 1962, 1969 (2014). Here, Plaintiff alleges that Defendants leaked his books online in 2010 and that they "took control of Plaintiff's books" and marketed them without his permission in 2012.  (Compl., Dkt. [3] ¶¶ 32, 37, 54, 60.)  But Plaintiff did not file this suit until September 30, 2016.  So any infringement claim based on those allegations falls at least one year after the statute of limitations expired.

Still, the copyright statute of limitations is subject to the "separate-accrual rule."  Petrella, 134 S. Ct. at 1969.  "Under that rule, when a defendant commits successive violations, the statute of limitations runs separately from each violation."  Id.  Applying the separate-accrual rule here, the Court takes pause at some of Plaintiff's other allegations, such as Defendants' use of the "Look Inside" feature.  The Complaint does not say when Defendants first enabled that feature nor when they disabled it, if ever.  As a result, it is possible that a copyright infringement claim based on Defendants' use of the "Look

Inside" feature could be within the statute of limitations.

Even so, Plaintiff's allegations based on that feature are not enough to state a plausible claim for copyright infringement. To state such a claim, Plaintiff must allege that he owns valid copyrights in his books and that Defendants copied protected elements from his books. <u>See</u> <u>Peter Letterese And Associates, Inc. v. World Inst. of Scientology Enters.</u>, 533 F.3d 1287, 1300 (11th Cir. 2008). Here, Plaintiff has alleged valid ownership as he attached to the Complaint the copyright registration certificates for both of his books. (Reg. Cert. Copyright No. TX 8-224-209, Dkt. [3-1] at 2-3; Reg. Cert. Copyright No. TX 8-131-618, Dkt. [3-1] at 4-5.) But Plaintiff does not adequately allege that Defendants copied protected elements of those books. Plaintiff's Complaint is devoid of any explanation of the "Look Inside" feature or how Defendants' use of that feature constituted copying. Assuming that the "Look Inside" feature allowed potential buyers to view excerpts of Plaintiff's books, Plaintiff does not specify what those excerpts entailed or how they overlapped with protected elements of his copyrighted works. For all these reasons, Amazon's Motion to Dismiss [5] is **GRANTED** as to Counts II and III.

AO 72A
(Rev.8/82)

### 3.   *Unfair Methods of Competition (Count IV)*

Finally, Plaintiff alleges that Defendants "participated in unfair, anticompetitive, wrongful treatment and practices against Plaintiff." (Compl., Dkt. [3] ¶ 63.) Plaintiff does not specify the legal grounds for this allegation within Count IV itself, but the caption indicates that Count IV is brought under 15 U.S.C. § 45, which is part of the Federal Trade Commission Act ("FTCA"). That provision makes it unlawful to engage in "[u]nfair methods of competition in or affecting commerce, and unfair or deceptive acts or practices in or affecting commerce." 15 U.S.C. § 45(a)(1). But Amazon argues, and the Court agrees, that Plaintiff cannot rely on 15 U.S.C. § 45 because there is no private right of action under that statute. See Lingo v. City of Albany Dep't of Cmty. & Econ. Dev., 195 F. App'x 891, 894 (11th Cir. 2006) ("There is no private cause of action implied under the Federal Trade Commission Act."); Leonard v. The Momentum Grp., Inc., No. 1:14-CV-01074-LMM, 2015 WL 11236547, at *4 (N.D. Ga. Dec. 16, 2015) (finding no private right of action under the FTCA when plaintiff alleged a violation of 15 U.S.C. § 45); Horton v. HSBC Bank, No. 1:11-CV-3210-TWT, 2013 WL 2452273, at *9 (N.D. Ga. June 5, 2013) (same). As a result, Amazon is entitled to **DISMISSAL** of Count IV.

## II.   Frivolity Review

Under 28 U.S.C. § 1915(e)(2)(B), "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless."  Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carrol v. Gross, 984 F.2d 393, 393 (11th Cir. 1993).

As the Court found in analyzing Amazon's Motion to Dismiss [5], all of Plaintiff's claims are deficient and subject to dismissal.  That is true not only of Plaintiff's claims against Amazon, but also of his claims against the remaining Defendants.  For that reason, none of Plaintiff's claims can survive review under § 1915(e)(2)(B).  See 28 U.S.C. § 1915(e)(2)(B)(ii).  All of Plaintiff's claims against the remaining Defendants are therefore **DISMISSED**.  Because there are no claims remaining in this case, Plaintiff's Motion to Proceed and to Appoint Counsel [6] and Motion to Proceed to Grant Rights to Relatives [7] are **DENIED as moot**.  The Clerk is **DIRECTED** to close the case.

13

**SO ORDERED**, this 31st day of January, 2017.

_____

**RICHARD W. STORY**
United States District Judge

14